STATE OF NORTH CAROLINA
v.
Ronald Battle.
No. COA08-580
Court of Appeals of North Carolina
Filed March 17, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Jennifer M. Jones, for the State.
Kathleen Arundell Widelski, for defendant.
WYNN, Judge.
A "probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation."[1] Defendant Ronald McKeith Battle argues that the trial court improperly extended his original probation period by conducting the hearing after the date his probation was due to expire. Because Defendant's probationary period was tolled by offenses that occurred during his original probation period, we uphold the trial court's modification of his probation.
The underlying facts show that Defendant pled guilty to two counts of possession with intent to sell or deliver marijuana on 15 February 2006. He received a suspended sentence of four to five months' imprisonment, and one year of supervised probation with special conditions, to expire on 15 February 2007. One of the regular terms of Defendant's probation was that he should "[c]ommit no criminal offense in any jurisdiction."
On 14 June 2007, the trial court found that Defendant had violated conditions of his probation, and extended his probation period an additional year to expire on 15 February 2008.[2] Additional conditions were added to Defendant's extended probation period, including a curfew and mandatory treatment. Defendant did not appeal from the 14 June 2007 Order.
On 24 September 2007, the State filed a Probation Violation Report alleging that Defendant had violated his curfew, used or possessed a controlled substance, and committed the offenses of possession of a firearm by a felon and possession with intent to sell or deliver marijuana. The Violation Report alleged that Defendant committed the offenses on 11 July 2006, and pled guilty to both offenses in Wake County Superior Court on 19 September 2007. At a hearing on 12 December 2007, the trial court found that Defendant willfully violated conditions of his probation, revoked his probation, and activated his original sentences.
Defendant appeals from the order revoking his probation, arguing the trial court improperly extended his probation because the record does not indicate that he received notice or a hearing prior to the expiration of his original probation period.
N.C. Gen. Stat. § 15A-1344(d) governs modification of probation, in relevant part, as follows:
At any time prior to the expiration or termination of the probation period, the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under G.S. 15A-1342(a) and may modify the conditions of probation. The probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation.
Here, Defendant's original term of probation was due to expire on 15 February 2007, but the modification hearing was not held until 14 June 2007.
However, the State filed a Violation Report on 24 September 2007, which alleged that Defendant "[o]n 7-11-06 . . . committed the offenses of (F) possession of a firearm by a felon and (F) sell and deliver marijuana." Defendant appeared with counsel at the 12 December 2007 revocation hearing. In its order revoking Defendant's probation, the trial court incorporated the 24 September 2007 Violation Report and found that "defendant waived a violation hearing and admitted that [he] violated" conditions alleged in the Violation report, including the named offenses, to which he pled guilty on 19 September 2007. The record does not include the 8 January 2007 Violation Report. In the absence of that Violation Report, we must presume that Defendant's probation was appropriately extended based on pending criminal charges from offenses Defendant committed on 11 July 2006, during his original probation period. Accordingly, we uphold the trial court's revocation of Defendant's probation.[3]
Affirmed.
Judges ROBERT C. HUNTER and ERVIN concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 15A-1344(d) (2007).
[2] The Violation Report preceding the Order extending Defendant's probation does not appear in the Record on Appeal, but the Order references a Violation Report filed on 8 January 2007.
[3] Defendant also argues that because the extension of his probation to 15 February 2008 was improper, the trial court lacked subject matter jurisdiction to revoke his probation because his probation period had expired. However, because we conclude that Defendant's probation was properly extended under N.C. Gen. Stat. § 15A-1344(d), and the revocation hearing occurred within the extended term of probation, this assignment of error must also fail.